Judge Owsley
delivered the opinion.
This is an appeal from a judgment recovered by Roberts, in an action of ejectment, brought by him in the circuit court against Campbell and Porter.
On tbe trial in that court, for tbe purpose of shewing bis title to the land, Roberts introduced, as evidence, the copy of a judgment recovered by him against Porter, in the Christian circuit court, a writ oi fieri facias which issued thereon, togettier with the return of the sheriff, and a deed of conveyance purporting to have been executed by the sheriff to Roberts for the land in contest, in pursuance to a sale of the land made by the sheriff under the writ of fieri facias; and after proving that the defendant, Porter, and William C Porter, were living en the land at the time of the sale by the sheriff, and the execution of the deed to Roberts, and had continued to live (hereon ever since, the appellants, who were defendants in the circuit court, moved the court to instruct the jury to find as in case of a non-suit ; but the co< rt overruled the motion and refused to give the instructions.
Whether or not the court decided correctly in refusing the instructions, is the only inquiry to which the attention of this court need be directed in deciding the present contest.
In responding to this inquiry it cannot be necessary to decide whether or not the evidence, ini reduced by Roberts, was sufficient to authorize a recovery for the whole of the tract in contest. The court were asked to instruct the jury to find as in case of a non sub, and if the evidence was of a character from which the jury might presume title to any part of the land, it evidently cannot have been incorrect in the court to refuse to give the instructions.— And that tbe jury might, from the evidence, rationally infer title, we apprehend, can admit of no serious doubt.— Possession is always evidence of title, it may be explained away by extraneous evidence, but in the absence of all other evidence the fact of a plaintiff in ejectment having been once possessed of the land will be sufficient, prima facie, to authorizes recovery against an intruder on that possession.
The possession of Porter would, therefore, bq sufficient *624 evidence of title in an action by him against an invader ist that possession ; and as it would be evidence, for him, it must necessarily be evidence for Roberts, who claims under a purchase from the sheriff, at a sale made in virtue of a writ of fieri facias against the estate of Porter.
Hardin for appellant, Crittenden & Sharp for appellee.
Whether a defendant in an execution would be allowed, after a sale, under execution, of lands possessed by him, to question the title in an action brought to recover the possession, by the purchaser, need oot now be decided. The present case presents the simple inquiry, whether in an action by the purchaser, under an execution, tbe fact of the defendant, in the execution, being possessed of the land sold, is evidence from which the jury may presume title : And in such a case, we have no hesitation in affirming that it is.
The judgment must be affirmed with cost.